### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERTO ERNESTO EDWARDS, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-3553 |
| TONY BRYSON, et al., | : | |
| Defendants. | : | |

July _26th_, 2012                                                        Anita B. Brody, J.

### MEMORANDUM

Plaintiff Gilberto Ernesto Edwards brings suit against Defendants Tony Bryson,

Evangelia Klapakis, Thomas Decker, Orlando Rivera, Perry Rhew, and Janet Napolitano

(collectively, "the Government").[1]  Edwards seeks a declaratory judgment, pursuant to 8 U.S.C. §

1503(a), that he is a United States citizen.  Currently pending before me are the parties' cross-

motions for summary judgment.  For the reasons set forth below, I will declare that Edwards is a

citizen of the United States.

## I. BACKGROUND[2]

Plaintiff Gilberto Ernesto Edwards was born in Panama in 1965.  At the time of his birth,

Edwards' parents were married.  On August 24, 1977, Edwards was admitted to the United States

---

[1] Tony Bryson is Philadelphia District Director of the U.S. Citizenship and Immigration Services ("USCIS"); Evangelia Klapakis is Director of the Philadelphia Field Office of USCIS; Thomas Decker is Director of the Philadelphia Field Office of U.S. Immigration and Customs Enforcement; Orlando Rivera is Director of the Philadelphia Passport Office of the U.S. Department of State; Perry Rhew is Chief of the Administrative Appeals Office of USCIS; and Janet Napolitano is Secretary of the U.S. Department of Homeland Security.

[2] There are no factual disputes in this case.  The parties have provided the following undisputed facts.  *See* Undisputed Facts (ECF No. 23).

as a lawful permanent resident.

On May 17, 1978, Edwards' mother filed a Petition for Support with the Family Court of the State of New York seeking financial support from her husband, Edwards' father. The petition listed different home addresses for Edward's mother and father. On September 5, 1978, the Family Court issued a Temporary Support Order, ordering Edwards' father to provide financial support to Edwards' mother. The Family Court made this support order permanent on October 4, 1978.

On December 21, 1982, Edwards' mother naturalized as a U.S. citizen. At the time of her naturalization, Edwards was seventeen years old and resided with his mother, but not his father. In 1983, Edwards turned eighteen. On September 12, 1984, Edwards' father naturalized as a U.S. citizen. In 1985, Edwards' parents divorced.

Edwards applied for a passport in 1991. To support his application, Edwards submitted his mother's naturalization certificate, his father's naturalization certificate, and his own birth certificate. On December 16, 1991, the U.S. Department of State ("Department of State") issued Edwards a passport and returned his supporting documentation to him.

On December 27, 2000, the United States indicted Edwards for trafficking cocaine. On March 27, 2001, a jury convicted Edwards of conspiring to import more than five kilograms of cocaine into the United States.

On February 13, 2001, during the period between his indictment and conviction, Edwards filed an N-600, Application for Certificate of Citizenship with the former Immigration and

Naturalization Service ("INS").[3]  At the time Edwards filed his N-600 application, he had a valid

passport.  On December 15, 2001, ten months after the filing of his N-600 application, Edwards'

passport expired.

On August 7, 2008, Edwards filed a second N-600, Application for Certificate of

Citizenship, this time with U.S. Citizenship and Immigration Services ("USCIS").  On August

29, 2009, USCIS denied both of Edwards' N-600 applications.  Edwards appealed the denial.

On July 29, 2009, the Administrative Appeals Office ("AAO") remanded Edwards' case to

USCIS to allow the Department of State to determine whether to revoke Edwards' passport.

On June 15, 2011, USCIS again denied Edwards' N-600 applications and noted that the

Department of State could not revoke Edwards' passport because it had expired in 2001.

Edwards again appealed the denial.  On July 14, 2011, the AAO upheld USCIS's denial of

Edwards' N-600 applications.

## II.  LEGAL STANDARD

According to Federal Rule of Civil Procedure 56(a), summary judgment will be granted

"if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law."  There are no disputed facts in this case; the sole issue is

whether, as a matter of law, Edwards is entitled to a declaratory judgment, pursuant to 8 U.S.C. §

1503(a), that he is a U.S. citizen.

Section 1503(a) provides:

---

[3] "On March 1, 2003, Congress transferred the INS's functions to the Bureau of
Immigration and Customs Enforcement (ICE) and the U.S. Customs and Immigration Service
(USCIS) of the United States Department of Homeland Security (DHS)."  *Biskupski v. Att'y Gen.
of U.S.*, 503 F.3d 274 at 277 n.1 (3d Cir. 2007).

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . .

8 U.S.C. § 1503(a). "A suit under section 1503(a) is not one for judicial review of the agency's action. Rather, section 1503(a) authorizes a *de novo* judicial determination of the status of the plaintiff as a United States national." *Richards v. Sec'y of State, Dep't of State*, 752 F.2d 1413, 1417 (9th Cir. 1985); *see also Delmore v. Brownell*, 236 F.2d 598, 601 n.1 (3d Cir. 1956) (explaining that in a suit brought under § 1503(a) the plaintiff is "entitled to a trial de novo").

## III. DISCUSSION

Edwards contends that he should be declared a U.S. citizen because he possessed a valid U.S. passport from December 16, 1991 until December 15, 2001, which he argues is conclusive proof of his U.S. citizenship. The Government counters that only a valid passport is conclusive evidence of citizenship, and argues that Edwards' expired passport does not establish his citizenship. Edwards aptly points out that he had a valid passport when he first applied for a certificate of citizenship on February 13, 2001. Thus, if USCIS had rendered a decision on Edwards' N-600 Application any time prior to December 15, 2001, his passport would still have been valid and would have conclusively established his citizenship even from the Government's point of view.

A plaintiff seeking a declaration of citizenship under § 1503(a) has "the burden of proving his citizenship by a preponderance of the evidence." *Delmore*, 236 F.2d at 600. If a plaintiff establishes her/his prima facie case, then s/he will be declared a U.S. citizen, unless the

4

Government can disprove the plaintiff's citizenship by "clear, unequivocal, and convincing evidence." *Id.* (internal quotation marks omitted).

In *Delmore*, the plaintiff claimed he had been born in California; therefore, he was a U.S. citizen. *Id.* at 599. The plaintiff's attorney had written a letter to the Bureau of Immigration and Naturalization seeking a determination as to whether he was a citizen. *Id.* at 599-600. He received a reply to this letter from the Commissioner of Immigration ("Commissioner"), which stated: "[I]t is the view of this Service in light of the facts submitted and considered, that Mr. Delmore may properly be regarded a native and citizen of the United States." *Id.* at 600. Years later, the plaintiff filed suit, seeking to be declared a citizen, pursuant to 8 U.S.C. § 1503(a). *Id.* at 599. The sole evidence that the plaintiff submitted to the district court to prove his status as a U.S. citizen was the reply he received from the Commissioner. *Id.* at 599-600. Based on this evidence, the district court declared him to be a U.S. citizen. *Id.* at 599.

On appeal, the Third Circuit acknowledged that the Commissioner's reply "was not a formal adjudication of citizenship status." *Id.* at 600. However, it held that the reply, "nonetheless, was a determination of Delmore's status" that satisfied the plaintiff's burden of proving his citizenship by a preponderance of the evidence *Id.* The Third Circuit explained: "Once the United States has determined that an individual is a citizen, it should be required to disprove its own determination by clear, unequivocal, and convincing evidence . . . . If the Bureau of Immigration and Naturalization erred in making such a determination the remedy must lie in taking greater care." *Id.* (internal quotation marks omitted). The Third Circuit affirmed the district court's declaration that the plaintiff was a U.S. citizen because there was no clear, unequivocal, and convincing evidence presented to the contrary. *Id.* at 600-01.

Edwards asserts that he is a U.S. citizen based upon his receipt of a valid U.S. passport, issued for the ten-year maximum period authorized by law, from the Department of State.  In relevant part, 22 U.S.C. § 2705 provides:

> The following documents shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction:
>
> (1) A passport, during its period of validity (if such period is the maximum period authorized by law), issued by the Secretary of State to a citizen of the United States.

In *Magnuson v. Baker*, 911 F.2d 330 (9th Cir. 1990), the Ninth Circuit analyzed § 2705. The *Magnuson* Court reached the conclusion that the language in the statute mandating that passports be given the "same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction," 22 U.S.C. § 2705, was "a clear instruction from Congress to treat passports in the same manner as certificates of citizenship or certificates of naturalization in all respects."  *Magnuson*, 911 F.3d at 334.

In order to determine the effect of § 2705 on a person's citizenship status, the court examined the effect certificates of naturalization and certificates of citizenship had on a person's citizenship status.  *Id.* at 333.  The *Magnuson* court acknowledged that these documents could be used as conclusive evidence of citizenship because they served as conclusive evidence of the determination of the Attorney General or a naturalization court that a person was a citizen.  *Id.* Moreover, the Ninth Circuit recognized that Congress, in making these documents conclusive evidence of citizenship, had vested the power in the Attorney General and naturalization courts to decide who is a U.S. citizen.  *Id.*  Because § 2705 mandates that passports be treated the same as

certificates of citizenship and certificates of naturalization in all respects, the Ninth Circuit concluded that "Congress authorized passport holders to use the passport as conclusive proof of citizenship." *Id.*; *see also Matter of Villanueva*, 19 I. & N. Dec. 101, 103 (B.I.A. 1984) ("[A] valid United States passport . . . constitutes conclusive proof of such person's United States citizenship."). Additionally, the *Magnuson* Court concluded that "[b]y deeming passports conclusive evidence of citizenship, Congress . . . also granted power to the Secretary of State to determine who is a citizen." *Id.*

The parties do not dispute that Edwards possessed a valid U.S. passport issued by the Department of State from 1991 to 2001. During its period of validity, Edwards' passport was conclusive proof of his status as a U.S. citizen. Although it is now expired, its expiration does not alter the fact that the Secretary of State has made the determination that Edwards is a U.S. citizen. While the Government quibbles over whether an expired passport can serve as conclusive proof of citizenship,[4] there is no doubt that it is sufficient to establish by a preponderance of the evidence that Edwards is a U.S. citizen. To hold otherwise, would lessen the import of a passport as compared to that of a certificate of naturalization or a certificate of citizenship, which is exactly what § 2705 forbids and *Magnuson* counsels against. Edwards' passport was never revoked; rather, it naturally expired after its ten-year maximum period of validity authorized by law. Moreover, there is no evidence in the record that Edwards fraudulently obtained his passport or that anything has occurred in the intervening years since Edwards' passport expired to alter Edwards' citizenship status. The Government has not

---

[4] It is noteworthy that the Fifth Circuit has held that "expired passports, if taken as true, do establish citizenship." *Hernandez v. Cremer*, 913 F.2d 230, 241 (5th Cir. 1990).

presented clear, unequivocal, and convincing evidence to disprove the Secretary of State's

determination that Edwards is a U.S. citizen.  If the Secretary of State "erred in making such a

determination the remedy must lie in taking greater care," *Delmore*, 236 F.2d at 600, or the

Government may now pursue the rigorous path to revoke Edwards' citizenship.  However, based

on the evidence before me, I hold that Edwards' is a United States citizen.[5]

## IV.  CONCLUSION

I declare that Gilberto Ernesto Edwards is a citizen of the United States.  However, I

recognize that the only proper Defendant in this matter is Janet Napolitano, Secretary of the U.S.

Department of Homeland Security.  While a plaintiff may bring an action under 8 U.S.C. §

1503(a) if s/he is denied "a right or privilege as a national of the United States . . . by any

department or independent agency, or official thereof, upon the ground that he is not a national of

---

[5] Alternatively, Edwards argues that he derived citizenship through his mother's naturalization under the former 8 U.S.C. § 1432(a)(3) (1990), the statute that both parties agree applies to Edwards' case.  In relevant part, § 1432(a) provides that a "child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . ." 8 U.S.C. § 1432(a).  Edwards asserts that his parents were legally separated at the time his mother naturalized; therefore, he derived his citizenship through his mother's naturalization.  The Government contends that Edwards' did not derive his citizenship through his mother's naturalization because his parents were not legally separated.

I need not reach this argument because I hold that Edwards' passport is sufficient to establish by a preponderance of evidence that he is a U.S. citizen.  I note, however, that the only proof offered by Edwards of his parents legal separation were support orders from the State of New York that were issued in response to a Petition for Support filed by Edwards' mother, which listed different addresses for his parents.  The Third Circuit has held that "a legal separation for purposes of § 1432(a) occurs only upon a formal governmental action . . . that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties." *Morgan v. Att'y Gen. of U.S.*, 432 F.3d 226, 234 (3d Cir. 2005).  The Second Circuit has held that under the laws of the State of New York, a support order "d[oes] not terminate or alter . . . marital status . . . ." *Brissett v. Ashcroft*, 363 F.3d 130, 136 (2d Cir. 2004).  Thus, it is unlikely that Edwards could succeed with this argument.

the United States," such action may only be brought "against the head of such department or independent agency."  8 U.S.C. § 1503(a).  Janet Napolitano is the only proper Defendant in this matter because she is the head of the Department of Homeland Security of which USCIS is a part.  Therefore, I will grant the Government's motion for summary judgment and deny Edwards' motion for summary judgment as to Defendants Tony Bryson, Evangelia Klapakis, Thomas Decker, Orlando Rivera, and Perry Rhew.  I will grant Edward's motion for summary judgment and deny the Government's motion for summary judgment as to Defendant Janet Napolitano.


                         s/Anita B. Brody

                         _____
                         ANITA B. BRODY, J.




            Copies **VIA ECF** on _____  to:      Copies **MAILED** on _____ to:

9